IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN ELAINE, for herself and a class, | : | No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT - CLASS ACTION** |
| | : | |
| CREDIT CONTROL LLC, | : | **JURY TRIAL DEMANDED** |
| LVNV FUNDING LLC, | : | |
| RESURGENT CAPITAL SERVICES LP, | : | |
| and ALEGIS GROUP LLC, | : | |
| | : | |
| Defendants. | | |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Dawn Elaine seeks redress from the illegal collection practices of Credit Control LLC ("Credit Control"), LVNV Funding LLC ("LVNV"), Resurgent Capital Services LP ("Resurgent") and Alegis Group LLC, contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

3. Because defendants do or transact business here, and caused to be sent debt collection communications to people residing here, personal jurisdiction and venue are proper in this District.

1

## PARTIES

4. Dawn Elaine resides in the Eastern District of Pennsylvania.

5. Credit Control – a Missouri limited liability company located at 4522 Woodland Drive, Lake Saint Louis, Missouri 63367, who does business in Pennsylvania, and whose registered agent is CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101 – attempts to collect allegedly defaulted consumer debts that were originally owed to others, using the mail, telephone and electronic wire systems for that purpose. It is a "debt collector," as that term is defined in the FDCPA.

6. LVNV – a Delaware limited liability company located at 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119, who does business in Pennsylvania, and whose registered agent is Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110 – purchases consumer debts at pennies on the dollar, and then attempts collection through suits and collection letters, using the mail, telephone and electronic wire systems for that purpose. It specifically has been the plaintiff in more than 1,200 collection lawsuits that have been pending in Pennsylvania during the year prior to the filing of this action. It is a "debt collector," as that term is defined in the FDCPA.

7. Resurgent – a limited partnership with offices at 55 Beattie Place, Suite 300, MS 425, Greenville, South Carolina 29601, who does business in Pennsylvania, and whose registered agent is Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110 – is related to LVNV, and attempts to collect allegedly defaulted consumer

debts that were originally owed to others, using the mail, telephone and electronic wire systems for that purpose. It is a "debt collector," as that term is defined in the FDCPA.

8. Alegis Group, LLC – a Delaware limited liability company with offices at 55 Beattie Place, Suite 110, Greenville, SC 29601, who does business in Pennsylvania, and whose registered agent is Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110 – is the sole general partner of Resurgent. Thus, the acts of Resurgent are attributable to it.

9. LVNV, Resurgent and Alegis Group, LLC are all under common ownership and management, as part of the Sherman Group. (See Exhibit A.) On information and belief, the purpose of the Sherman Group's structure is to have Resurgent employ the collection personnel, while having LVNV (and similar entities) allegedly take title to the debts Resurgent seeks to collect, all in order to minimize liability under the FDCPA and other statutes which tie liability to an entity's net worth.

10. Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees. (*Randall v. Nelson & Kennard*, 2:09CV387, Doc. 69 (D.Ariz. Aug. 9, 2010) (statement of material facts).) All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (*Id.*)

11. LVNV has stated on its Web site that

> LVNV Funding, . . . purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors

> including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report, or in a letter from a collection agency.

See www.lvnvfunding.com (last visited March 9, 2015).

12. LVNV has also stated on its website that

> [t]he management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other independent, specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account.

See www.lvnvfunding.com (last visited March 9, 2015).

13. Resurgent has the authority to review and audit all collection communications sent by Credit Control on accounts that Resurgent places with Credit Control.

**FACTS**

14. Defendants sought to collect from plaintiff an alleged debt incurred for personal, family or household purposes, through a collection letter sent on or about March 21, 2014. (Exhibit A.)

15. Credit Control sent Exhibit A on behalf of LVNV.

16. Resurgent assigned the purported debt to Credit Control, on behalf of LVNV.

17. The letter was sent in a "window envelope," represented by Exhibit B.

18. The window envelopes displayed the account number assigned to plaintiff by Credit Control.

19. Displaying an account number through the "window" of an envelope violates 15 U.S.C. §§1692f and 1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

20. Under 15 U.S.C. §§1692f and 1692f(8),

> a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ...Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

21. <u>Exhibit A</u> and the envelope in which it was sent were printed forms, prepared and folded in a standard manner.

22. <u>Exhibit A</u> is formatted for bulk mailing, with bar coded addresses and return addresses necessary to have the mailing qualify for a bulk mailing rate.

## **COUNT ONE**

23. For reasons described in this complaint, defendants violated 15 U.S.C. §§1692f and 1692f(8), and are jointly and severally liable for the violation.

5

## CLASS ACTION ALLEGATIONS

24. Plaintiff seeks relief for a class under Fed.R.Civ.P. 23(b)(3) and L.R.Civ.P. 23.1. The class includes all individuals with Pennsylvania addresses to whom Credit Control sent a letter on behalf of (A) Resurgent, (B) LVNV or (C) both of them, in a window envelope that displayed an account number above the address, which was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

25. On information and belief, based on the bulk mailing markings found on <u>Exhibit A</u>, there are at least forty members of this class, making joinder of all members impractical.

26. There are questions of law and fact common to the class, which predominate over any questions relating to individual class members. The predominant common question is whether the display of account numbers through a "window envelope" violates the FDCPA.

27. Plaintiff's claims are typical of the claims of class members, as they are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately represent the class members, as she has no interests which conflict with those held by class members, and has retained counsel experienced in class actions and FDCPA litigation.

29. A class action is superior for the fair and efficient adjudication of this matter, because (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, judgment for plaintiff and the class should be given, awarding

(A) statutory damages under 15 U.S.C. §1692k,

(B) attorney's fees, litigation expenses and costs of suit, and

(C) all other proper relief.

Respectfully submitted,

*Carlo Sabatini*

Carlo Sabatini, (PA 83831)
Attorney for Plaintiff
SABATINI LAW FIRM LLC
216 North Blakely Street
Dunmore PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com

Admission for this case to be requested pursuant to L.R.Civ.P. 83.5.2 –

/s/ Daniel A. Edelman
Daniel A. Edelman (IL 0712094)
Thomas E. Soule (IL 6282139)
EDELMAN COMBS LATTURNER
   & GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago IL 60603
Phone        (312) 739-4200
Facsimile    (312) 419-0379
E-mail courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*Carlo Sabatini*
Carlo Sabatini

7

## DOCUMENT PRESERVATION DEMAND

      Plaintiff hereby demands that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that each defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

                                                                   */s/ Carlo Sabatini*
                                                                   Carlo Sabatini

**Credit Control, LLC**            <u>**Exhibit A**</u>
5757 Phantom Dr Ste 330  Hazelwood, MO 63042      *REDACTED*
866-382-4548
Hours of Operations: Mon-Wed 9am-7pm, Thur-Fri 9am-5pm EST

March 21, 2014

| | |
|---|---|
| Current Creditor: LVNV Funding LLC | |
| Our Account Number: ▮2800 | Principal Balance:    $6,492.78 |
| Original Account Number: ****-****-****-▮ | |
| Original Creditor: HSBC Bank Nevada N.A. | |
| Date of Discharge: 08/31/2011 | Current Balance Due:    $6,492.78 |
| Last Payment date: 12/24/2010 | |

This letter is to notify you that the above account has been purchased by LVNV Funding LLC and assigned to this office for collection. We realize this amount due could be an oversight on your part of an apparent obligation. If you would like to resolve this account for significantly less than the balance or to discuss other options, you can:
- Call us at 866-382-4548.
- Go to our website at www.credit-control.com.
- Complete and return the coupon on the enclosed offer in the pre-postage paid envelope provided.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

This communication is from a debt collection agency. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Credit Control, LLC will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

P.O. Box 1945
Southgate, MI 48195-0945

▮2800
Dawn Elaine
Glenside, PA ▮

 To make a payment online, please visit our website at www.credit-control.com.     RSFGSPLI.

PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | |

Information We May Collect. The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

Confidentiality and Security of Collected Information. At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

Sharing Collected Information with Affiliates From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

Sharing Collected Information with Third Parties The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

Exhibit B



PRESORTED
FIRST CLASS

