IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN ELAINE, for herself and a class, | : | No. 2:15CV1271 WB |
| Plaintiff, | : | |
| v. | : | |
| CREDIT CONTROL LLC, LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES LP, and ALEGIS GROUP LLC, | : | |
| Defendants. | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION
(1) TO HAVE PLAINTIFF'S REQUESTS FOR ADMISSION DEEMED ADMITTED,
(2) TO COMPEL RESPONSES TO PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION, AND (3) FOR SANCTIONS**

Pursuant to Local Rule 7.1(c), Plaintiff Dawn Elaine hereby respectfully submits this concise statement of the legal contentions and authorities in support of her Motion (1) To Have Plaintiff's Requests For Admission Deemed Admitted, (2) To Compel Responses to Plaintiff's Interrogatories and Requests for Production, and (3) for Sanctions, and urges the Court to grant Plaintiff's motion.

**I.     Plaintiff's Requests for Admission Should Be Deemed Admitted**

Plaintiff's Requests for Admission should be deemed admitted because Defendant Credit Control has failed to timely answer them. Plaintiff served her First Set of Discovery Requests, including her Requests for Admission, on July 7, 2015. As of October 5, 2015, Plaintiff's Counsel had still not received Credit Control's answers to Plaintiff's Requests for Admission.

Fed.R.Civ.P. 36(a)(3) provides:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed

>to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under or be ordered by the court.

Plaintiff's counsel agreed to two extensions for Credit Control to answer Plaintiff's discovery requests, including the Requests for Admission. The last deadline expired on September 4, 2015. Since Credit Control did not answer the Requests for Admission by September 4, 2015, or at any time prior to the filing of this motion, Plaintiff's Requests for Admission should be deemed admitted. *See In re Taylor*, 655 F.3d 274, 280 (3d Cir. 2011) (affirming that requests for admissions are deemed admitted if not timely responded to); *McNeil v. AT & T Universal Card*, 192 F.R.D. 492, 494 (E.D. Pa. 2000) (deeming the plaintiff to have admitted all of the defendant's requests for admission when plaintiff never responded to them).

## II. Credit Control Should Be Ordered To Respond to Plaintiff's Interrogatories And Requests to Produce Documents Within Seven Days

Plaintiff served her First Set of Discovery Requests, including Interrogatories and Requests to Produce on July 7, 2015. As of the filing of this motion, Plaintiff's counsel have still not received Credit Control's responses to Plaintiff's Interrogatories and Requests to Produce Documents.

Rule 33(b)(2) of the Federal Rules of Civil Procedure provides that the "responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or long time may be stipulated to under Rule 29 or be ordered by the court." Fed.R.Civ.P. 33(b)(2). Similarly, Rule 34(b)(2)(a) provides that the "party to whom the request [for production] is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court. Fed.R.Civ.P. 34(b)(2)(a).

Plaintiff agreed to two extensions for Credit Control to answer Plaintiff's discovery requests. The last deadline expired on September 4, 2015. Plaintiff's counsel, Carlo Sabatini, has

contacted Credit Control's counsel, Ronald M. Metcho, II, pursuant to Rule 37 on different occasions since September 4, 2015. The most recent occasion was on September 24, where Mr. Metcho, II stated that he was "working diligently with my client to provide you with our discovery responses." <u>Appendix C</u>. Yet three months after they were served, Credit Control has failed to answer Plaintiff's Interrogatories and Requests to Produce.

Plaintiff requests an order requiring Credit Control to answer Plaintiff's Interrogatories and Requests for Production within seven (7) days. Under the circumstances, this is a reasonable amount of time to require Credit Control to answer Plaintiff's outstanding discovery requests.

### III. Credit Control Should Pay Plaintiff's Counsel For The Fees And Costs Incurred In Bringing This Motion

The Court should also award Plaintiff attorneys' fees and costs for the necessity of having to bring this motion. Rule 37(a)(5) of the Federal Rules of Civil Procedure provides:

> If the motion [compelling disclosure or discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ. 37(a)(5).

Here, Credit Control's delay in responding to Plaintiff's discovery responses is unreasonable and unjustified; Credit Control's counsel has never proffered to Plaintiff's counsel any explanation, let alone, good cause for Credit Control's delay in responding to Plaintiff's discovery requests. Under the circumstances, an award of attorneys' fees and costs is

3

appropriate. *Pugliese v. Cnty. of Lancaster*, No. 12-CV-07073, 2014 WL 5470469 (E.D. Pa. Oct. 29, 2014) (attorney's fees awarded to plaintiff for defendant's failure to turn over document to plaintiff); *Hansen v. Shearson/Am. Exp., Inc.*, 97 F.R.D. 465 (E.D. Pa. 1983) (attorney's fees awarded for failure to timely respond to discovery).

     Wherefore, pursuant to Local Rule 7.1(c), Plaintiff Dawn Elaine hereby respectfully submits this concise statement of the legal contentions and authorities in support of her Motion (1) To Have Plaintiff's Requests For Admission Deemed Admitted, (2) To Compel Responses to Plaintiff's Interrogatories and Requests to Produce, and (3) for Sanctions, and urges the Court to grant Plaintiff's motion.

Respectfully submitted,

/s/ Daniel A. Edelman
  Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER &
   GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 917-4500
Facsimile: (312) 419-0379
E-Mail: info@edcombs.com
      fgreene@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on October 6, 2015, I filed the foregoing document with the Court using the CM/ECF system, which caused such filing to be sent to all the following parties of record:

Ronald M. Metcho, II
Marshall Dennehey Warner Coleman & Goggin, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-2765 / 215-575-0856
RMMetcho@mdwcg.com
Attorney for all Defendants

Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@bankruptcypa.com

                                          /s/ Daniel A. Edelman
                                          Daniel A. Edelman