## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dawn Elaine, for herself and a class,<br>  Plaintiff,<br><br>v.<br><br>Credit Control, LLC,<br>LVNV Funding, LLC,<br>Resurgent Capital Services, LP and<br>Alegis Group, LLC,<br>  Defendants | Docket 2:15-cv-01271-RAL<br><br>(JUDGE RICHARD A. LLORET)<br><br>CLASS ACTION |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS

Defendants, Credit Control, LLC, LVNV Funding, LLC, Resurgent Capital Services, LP and Alegis Group, LLC, argue (ECF No. 91) that the Court should award Plaintiff's counsel—Edelman, Combs, Latturner & Goodwin, LLC and Sabatini Law Firm, LLC ("Counsel")—less than 50% of the fees and costs which the two firms collectively incurred in prosecuting this case. The Court should reject Defendants' invitation to halve Counsel's fees and costs because (1) Defendants make no showing that Counsel's hourly rates are unreasonable and (2) Defendants' arguments in favor of reductions for clerical work, inter- or intra-firm communications, and duplicative work are largely meritless.

As discussed below, Plaintiff petitions the Court for an amended amount of attorney's fees: $151,150.50.[1] This amount reflects, on the one hand, the time spent

---

[1] Plaintiff also requested a total of $6,009.95 in costs. Defendants have not raised any objection to Plaintiff's request for costs.

preparing this response to Defendants' objections.[2] On the other hand, this amended amount incorporates a decrease in the fees requested based on those objections raised by Defendants that Plaintiff either believes are meritorious, or that she is otherwise conceding due to the relatively small size of the disputed time.[3] As discussed below, Plaintiff should be awarded the full amount of this amended fee request.

## ARGUMENT

### I. *Defendants Have Not Introduced Evidence to Refute Plaintiff's Demonstration of Counsel's Reasonable Hourly Rate.*

An attorney's reasonable hourly rate is the prevailing rate in the applicable market. This rate is established with reference to the "the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity . . . ." *Student Pub. Interest Research Grp. of New Jersey, Inc. v. AT & T*

---

[2] Plaintiff also anticipates that she will incur approximately $20,000.00 of additional time spent after the filing of this memorandum and through the ultimate resolution of this case. Defendant received timely notice that Counsel would seek these additional fees. (ECF No. 93-1, p. 11.) Plaintiff reserves the right to seek this additional time prior to the conclusion of the final approval hearing.

[3] Plaintiff will discuss, *infra*, which time entries will be discounted. To further aid in this discussion, attached as Exhibit A is a reproduction of Defendants' list of the specific time entries to which they object. The text in the attached list has been formatted as a key to allow the Court to easily see how Plaintiff has responded to each specific objection. Underlining represents those items that are being fully discounted by Plaintiff in response to Defendants' objection. The items that are double struck are entries that Counsel had *previously* discounted in the bills which were provided to Defendants (and which were included in the joint appendix). Because Plaintiff had already discounted those time entries, they are not being discussed in this brief, and no further discount is being applied. Finally, the items in italics represent time entries for which Plaintiff still seeks to recover in full.

*Bell Labs.*, 842 F.2d 1436, 1450 (3d Cir. 1988). "An attorney's usual billing rate is a good starting point for assessing reasonableness, though it is not dispositive." *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 374 (3d Cir. 2004).

When a plaintiff files a fee petition, she has the "burden of documenting the applicable hourly rate." *Evans v. Port Auth. of New York & New Jersey*, 273 F.3d 346, 361 (3d Cir. 2001). "Once the plaintiff has made the prima facie showing with respect to the appropriate hourly rate, that rate may be contested, 'but only with appropriate record evidence. **In the absence of such evidence, the plaintiff must be awarded attorneys' fees at her requested rate.**'" *Id.* (quoting *Smith v. Philadelphia Housing Authority,* 107 F.3d 223, 225 (3d Cir.1997))(emphasis added).

Here, Counsel are seeking to recover fees at the following hourly rates:[4]

| Professional | Requested Rate |
|---|---|
| Francis Greene | $500/hour |
| Carlo Sabatini | $410/hour |
| Tom Soule | $395/hour |
| Brett Freeman | $275/hour |
| Paralegals | $125/hour |

---

[4] A number of attorneys at the Edelman Firm spent small amounts of time working on the case. For purposes of this fee petition, the Edelman Firm is only seeking recovery for the time spent by Mr. Soule and Mr. Greene, and it is waiving the time spent by Attorneys Dan Edelman, Cassandra Miller, James Latturner, Michelle Teggelaar, and Tiffany Hardy.

Counsel have documented their hourly rates with: (1) their own declarations as to their experience and qualifications (ECF No. 93-1, pp. 12-22 (Greene Decl.) and pp. 23-27 (Sabatini Decl.)); (2) a declaration from David A. Searles (ECF No. 93-1, pp. 28-31 (Searles Decl.)), who is an experienced Philadelphia consumer class action attorney; and (3) the Community Legal Services fee schedule (ECF No. 93-1, p. 39 (CLS Schedule)). The Third Circuit has approved the use of the CLS Schedule for rates in Philadelphia. *See Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001).[5] These declarations, plus the CLS Schedule, easily satisfy Counsel's burden. Based on this factual record, the requested billing rates set forth in the table above are reasonable.

Defendants have *not* met their burden of contesting Counsel's hourly rates "with appropriate record evidence." *Evans*, 273 F.3d at 361 (citation omitted). Instead, Defendants rely merely on prior fee decisions—some involving counsel in

---

[5] The rates listed in the CLS Schedule have been updated a number of times since the *Maldonado* decision. However, Plaintiff is unaware of the Third Circuit ever indicating that the CLS Schedule was no longer proper because of the increased rates. As a result, "courts in this district have relied upon the CLS [Schedule] as an adequate determination of market rates in the Eastern District of Pennsylvania." *Navarro v. Monarch Recovery Mgmt. Inc.*, No. 13-3594, 2014 WL 2805244, at *4 (E.D. Pa. June 20, 2014) (collecting cases)); *see also Shelton v. Restaurant.com Inc.*, 2016 WL 7394025, at *4 (D.N.J. Dec. 21, 2016)("As the Third Circuit has approved of courts' use of the [CLS Schedule] in determining a reasonable hourly rate for attorneys' fees, the Court will employ the fee schedule in its determination of the hourly rates in this case."); *Williams v. Care*, No. CV 14-6347, 2016 WL 4478810, at *7 (E.D. Pa. Aug. 25, 2016)(utilizing the CLS Schedule to determine whether market rates were reasonable); *Hawthorne v. Municipality of Norristown*, No. CV 15-01572, 2016 WL 1720501, at *5 (E.D. Pa. Apr. 29, 2016)(same).

this case, and others involving entirely unrelated counsel.[6] However, the Third

Circuit has plainly stated that courts must rely on the factual record to determine

hourly rates; hourly rate determinations in other cases are not relevant. *Smith v.*

*Philadelphia Housing Authority.* 107 F.3d 223, 226 (3d 1997). *See also Tenafly Eruv*

*Ass'n, Inc. v. Borough of Tenafly,* 195 F. App'x 93, 98 (3d Cir. 2006)("But as our

discussion in *Smith* makes clear, it is not enough merely to contest the claimed

hourly rate; rather, appellees must submit *evidence* of a different reasonable hourly

rate. They have not done so here. Instead, they state in conclusory fashion that the

requested rates are 'excessive' and cite two District Court cases from 1998 (four

years prior to our decision in this case) awarding lower fees to different attorneys in

different cases.")(emphasis in the original). Thus, Defendants' challenge to

Counsel's hourly rates based solely on prior decisions is improper, and Counsel

should be awarded the requested rates.

Defendants also appear to be asking the Court to set a rate that they believe

to be appropriate based upon a general sense of the market. But, as the Third

Circuit has held, "[a] District Court *may not* set attorney's fees based on a

---

[6] Moreover, in one of the cases cited by Defendants, *Romeo v. Simm Assocs., Inc.*,
170 F. Supp. 3d 750 (M.D. Pa. 2016), Defendants misstate the court's holding.
Defendants state that, in *Romeo*, Attorney Sabatini was awarded a rate of
$350/hour. (ECF No. 91 p. 8.) However, the court actually held that "[w]ith respect
to the question whether Attorney Sabatini's fees are consistent with prevailing
market rates, the Court is hardly surprised at attorney's fees calculated at $375.00
per hour for an attorney with 16 years experience who specializes in consumer
protection law. . . . Accordingly, this Court finds that Attorney Sabatini's billing rate
and those of his associates are consistent with the prevailing market rates in the
relevant legal community and, thus, will be approved." *Id.* at 751-52.

generalized sense of what is usual and proper but '*must* rely upon the record.'" *Evans*, 273 F.3d at 361 (citing *Smith*, 107 F.3d at 225) (emphasis added).

Where, as here, Defendants have not offered any evidence to contradict the three declarations submitted by Counsel, and the CLS Schedule, the Court must adopt the billing rates requested by Counsel. *Id. See also T.B. v. Mount Laurel Bd. of Educ.*, 2012 WL 1079088, at *4 (D.N.J. Mar. 30, 2012) ("Defendant points to numerous previous cases in this district where Mr. Epstein's fees were disputed. However, Defendant has not provided any evidence in the record of contrary rates except for its argument that lower rates were deemed appropriate for Mr. Epstein in previous matters. This is insufficient.")(citing *Killian v. Johnson & Johnson*, 2009 WL 537666, at *16 (D.N.J. Mar. 4, 2009)(awarding the requested hourly rates because an argument that significantly lower rates were approved for attorneys litigating similar cases is insufficient to rebut a prevailing party's prima facie showing of a reasonable hourly rate when unsupported by any evidence in the record)).

## II.     *Most of Defendants' Specific Objections Fail.*

In connection with their fee petition, Counsel submitted a declaration from Philip D. Stern, an attorney who has been practicing law for more than thirty years and who has been litigating consumer class actions for almost ten years. Mr. Stern attested to the reasonableness of the time spent by Counsel in prosecuting this case. (ECF No. 93-1, pp. 32-38 (Stern Decl.).)

Some of Defendants' objections were for time entries recorded by Attorneys Dan Edelman, Kristin Sabatini, Cassandra Miller, James Latturner, Michelle Teggelaar, and Tiffany Hardy. However, as stated above, Counsel are no longer seeking to recover fees for these attorneys and, therefore, are not responding to these objections. Defendants also raised objections to over 80 hours of time spent by the attorneys for which time is being requested, including: (1) time spent on work alleged to be clerical in nature, (2) time spent on intra- and inter- office communications and (3) time spent on allegedly duplicative work. As discussed below, most of these objections are without merit, and Counsel are entitled to recover for most of this time.

### a. **Clerical Objections**

There is no blanket prohibition on counsel recovering for time spent on "clerical" or "administrative" work. To the contrary, "[t]he Third Circuit has held . . . that administrative or clerical work performed by professionals may be compensable." *In re 14605, Inc.*, 2007 WL 2745709, at *11 (Bankr. D. Del. Sept. 19, 2007) (citing *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 851 (3d Cir. 1994)).

Here, Defendants have objected to 17.5 hours of time as being clerical in nature. A breakdown of the lodestar for this time is as follows:[7]

---

[7] The *lodestar* is the product of "multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). There is "[a] strong presumption that the lodestar figure . . . represents a 'reasonable' fee . . . ." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1987). Of course, the hourly rates used for the lodestar here (and throughout the brief) are those proffered by Plaintiff for the reasons discussed in Part 1, *supra*.

| Professional | Requested Rate | Hours Objected To | Total Value of Objection |
|---|---|---|---|
| Francis Greene | $500/hour | 1.1 | $550.00 |
| Carlo Sabatini | $410/hour | 3.9[8] | $1,886.00 |
| Tom Soule | $395/hour | 0.7 | $276.50 |
| Brett Freeman | $275/hour | 0.4 | $110.00 |
| Paralegals | $125/hour | 11.6 | $1,450.00 |
| **TOTAL** | | **17.5** | **$4,172.50** |

After reviewing Defendants' objections, Plaintiff is willing to modify her request to eliminate time spent on some arguably clerical or administrative tasks. Specifically, Plaintiff is willing to make the following reductions in time requested: 11.6 hours for paralegal time, 0.2 hours for Attorney Greene, 0.7 hours for time spent by Attorney Soule, and 0.4 hours for time spent by Attorney Sabatini. Thus, after applying these reductions, the following amount of time remains in controversy:

| Professional | Requested Rate | Hours Objected To | Total Value of Objection |
|---|---|---|---|
| Francis Greene | $500/hour | 0.9 | $450.00 |
| Carlo Sabatini | $410/hour | 3.5 | $1,476.00 |
| Brett Freeman | $275/hour | 0.4 | $110.00 |
| **TOTAL** | | **4.8** | **$1,995.00** |

[8] Defendant actually objected to 4.6 hours of time for Attorney Sabatini. However, 0.7 hours of this time had already been discounted. Thus, Plaintiff is only including the 3.9 hours that are actually in dispute in this table.

However, this disputed time was reasonable and necessary, and it was appropriate for this time to be billed at the respective attorneys' hourly rates.

For Francis Greene, Defendants object to 0.2 hours for conferring with co-counsel regarding a status conference and for the filing of a motion *in limine*. They also object to 0.7 hours for time spent reviewing and editing billing records. Defendants provide no explanation as to why this time should be considered clerical or administrative. It is unclear how conferring with co-counsel regarding a status conference is a task that should not be performed by an attorney. And, the Third Circuit has held that "[a] party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application." *Planned Parenthood of Cent. New Jersey v. Attorney Gen. of State of New Jersey*, 297 F.3d 253, 268 (3d Cir. 2002). Thus, once it became clear that a fee petition would be necessary, it made sense for Counsel to spend time reviewing their billing records to ensure: (a) that only time that was reasonably spent was included in the records submitted to the Court, and (b) that no confidential information contained in the billing records would inadvertently be disclosed. To file billing records without performing such a review could arguably violate an attorney's obligations under Rule 11, and the attorney's duty of confidentiality to his client. Thus, both of these tasks are items that a client would reasonably expect an attorney to perform, and should be compensated in full.

The objection to Attorney Freeman's time is also unpersuasive. The only objection to his time is for 0.4 hours billed to "[r]eview local rules re: SJ motion and

9

brief." As Attorney Freeman was responsible for drafting Plaintiff's summary judgment motion and brief, he would need to make sure that the documents complied with the local requirements. Local rules are often complex and intertwined, and it is certainly reasonable to expect that an attorney will perform such a review.

Defendants do not explain why they categorize certain time entries by Attorney Sabatini as clerical. The entries fall into the following categories: (1) reviewing and signing correspondence, (2) reviewing case filings, (3) reading court procedures, and (4) reviewing and/or responding to email correspondence. None of these tasks can properly be deemed "clerical." It is certainly necessary for an attorney to review correspondence prior to signing it. In fact, this category of time entries demonstrates the reasonableness of Attorney Sabatini's billing practices, because it is clear that he delegated the more time-consuming role of typing these letters, and he was then able to simply perform a quick review to ensure that the letter complied with his instructions. It would be unreasonable to expect an attorney to sign correspondence without first reviewing it. Thus, these objections should fail.

There also is no basis to the objections for time Attorney Sabatini spent reviewing case filings. *See Gwendolyn L. v. Sch. Dist. of Philadelphia*, 2014 WL 2611041, at *6 (E.D. Pa. June 10, 2014)("The Court finds that the remaining tasks that Defendants challenge, such as reviewing court orders and other ECF filings, were reasonably performed by an attorney."); *Cassagne v. Law Offices of Weltman,*

*Weinberg & Reis Co., LPA*, 2011 WL 5878379, at *8 (D.N.J. Nov. 23, 2011)("The Court finds that . . . review of ECF filings . . . is not purely administrative . . . ."). A review of court filings must be performed by an attorney, who is then able to determine what needs to be done as a result of the filing. Thus, Defendants' objection to the time Attorney Sabatini spent reviewing case filings should fail.

Defendants also offer no support for their objection to the time Attorney Sabatini spent reviewing court procedures. Just as with Attorney Freeman's review of the local rules, discussed above, it was certainly logical for Attorney Sabatini to spend 0.4 hours to review this Court's specific rules to ensure that Plaintiff's actions are compliant. As a result, there is no basis for deducting this time.

Finally, Defendants have not provided any explanation as to how generally reviewing or responding to email correspondence is clerical or administrative work. The items identified by Defendants involve communications with co-counsel, opposing counsel, and the Court. There would simply be no way for an attorney to delegate this time, and it would certainly be impossible to classify attorney communications as being clerical in nature. *See generally, Cassagne v. Law Offices of Weltman, Weinberg & Reis Co., LPA*, 2011 WL 5878379, at *8 (D.N.J. Nov. 23, 2011)("The Court finds that . . . review of . . . interoffice e-mails . . . is not purely administrative . . . ."). As a result, the Court should not sustain any objections to

Attorney Sabatini reviewing or responding to email correspondence on the basis that the task is clerical or administrative.[9]

### b. <u>Objections to Intra- and Inter-office Communications</u>

Defendants next object to numerous intra- and inter-office communications as being improper. Courts frequently note that "[c]onferences between attorneys . . . are necessary, valuable, and often result in greater efficiency and less duplication of effort, thus requiring fewer hours overall." *Disciullo v. D'Amrosio Dodge, Inc.*, 2008 WL 4287319, at *5 (E.D. Pa. Sept. 18, 2008)(quoting *Apple Corps. Ltd. v. Int'l Debt Collectors Society,* 25 F.Supp.2d 480, 488 (D.N.J.1998))(ellipsis in original, internal quotation marks omitted). Here, the majority of inter-office communications involved Attorneys Sabatini and Greene. These two attorneys primarily handled the prosecution of this matter and jointly devised the correct strategy and method for vindicating the rights of Plaintiff and the class. It is only reasonable that they would spend time communicating with each other.

Furthermore, this Court requires that both primary and local counsel in a case be responsible for pursuing the action. Specifically, Judge Beetlestone's procedures state that "[t]he admission of out-of-state counsel pro hac vice does not relieve associate counsel of responsibility for the matter before the Court."[10] Thus, it

---

[9] However, as discussed *infra*, Plaintiff is discounting some of these time-entries for other reasons. But, to the extent that Plaintiff does not so discount these entries, the objection for the work being "clerical" should fail.

[10] See https://www.paed.uscourts.gov/documents/procedures/beepol.pdf at p. 2.

was required that Attorneys Sabatini and Greene both remain fully up-to-date regarding the status of the case and the strategy for its prosecution.

Defendants have not explained why they believe it would be improper for counsel to confer. They characterize this matter as "a relatively simplistic and straightforward FDCPA class action lawsuit." (ECF No. 91 p. 4.) However, this is a class action case involving "a comprehensive and complex federal statute . . . ." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010).[11] Additionally, Defendants chose to make this case far more complicated than necessary. For instance, despite the fact that liability was clear at the outset of the case, Credit Control, LLC, in particular, chose to vigorously litigate throughout, contesting liability through the entire discovery process, and only conceding liability after Counsel had already spent numerous hours preparing a dispositive motion. Credit Control, LLC was also extremely slow in responding to discovery, necessitating at least one motion to compel.

Additionally, Defendants chose to oppose Plaintiff's "one-way intervention request," in which Plaintiff asked that Defendants either agree to waive the issue of one-way intervention or, alternatively, agree that the Court should first rule on Plaintiff's class certification motion before ruling on Plaintiff's summary judgment motion. However, because Defendants were unwilling to agree to either of these

---

[11] Furthermore, this Court's "Case Management Track Designation Form" specifically lists class actions as the type of "complex litigation" that require "Special Management." *See* *http://www.paed.uscourts.gov/documents/handbook/forms/app_i1.pdf*. In short, every class action case is, by its very nature, a complex lawsuit.

options, Plaintiff was forced to file a motion and a brief regarding this issue. (ECF Nos. 53, 54.) It was only after Plaintiff filed these documents that Defendants *then* agreed to waive the rule against one-way intervention. (ECF No. 60.) If Defendants had simply agreed to waive this rule when first requested, Counsel would not have had to spend as much time researching and drafting the motion and memorandum on the issue—or conferring between themselves regarding it.

Of course, Defendants were well within their rights to litigate this matter. However "[w]hile [a defendant] is entitled to contest vigorously [plaintiff's] claim, once it does so it cannot then complain that the fees award should be less than claimed because the case could have been tried with less resources and with fewer hours expended." *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1575 (11th Cir. 1985). A defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *City of Riverside v. Rivera,* 477 U.S. 561, 580 n.11 (U.S. 1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) (en banc)). It is disingenuous for Defendants to now argue that Counsel spent too much time conferring with each other, when much of the time was necessitated by Defendants' litigation behavior.

*Citibank, N.A. v. Hicks*, No. Civ.A.03–2283, 2004 WL 1895189 (E.D. Pa. Aug. 24, 2004), cited by Defendants, is inapposite. In *Citibank*, the court awarded only 50% of the time requested for intra- and inter-office communications. However, the court did *not* hold that such a reduction is always warranted. Instead, the court held

that a reduction was justified in *that* case because the 111.4 hours that attorneys spent conferencing was unreasonable.

Furthermore, the court's allowance of 55.7 hours for conferencing time was not a determination that such an amount would always be the cap (or floor) in any case, irrespective of the case's complexity or duration. And by any metric, the instant matter justifies attorney conferencing time exceeding what was allowed in *Citibank*. This is a class case rather than an individual one. And, as compared to the status of *Citibank* at the time that the attorney fee motion was filed there, the instant case has been pending about 50% longer, has about three times the number of docket entries, and the Plaintiff has filed about 50% more pages of legal documents (exclusive of affidavits and supporting exhibits).[12]

And, even though it made this reduction, the *Citibank* court still "recognize[d] the value of attorney communication and conferencing in preparation and daily

---

[12] *Citibank* was decided in this district, and the Court can take judicial notice of the docket, available at No. CIV.A.03-2283. https://ecf.paed.uscourts.gov/cgi-bin/DktRpt.pl?840592812743311-L_1_0-1.

| | *Citibank* | *Elaine* |
|---|---|---|
| Length of time case pending at time of motion on attorney's fees | 14 months and 5 days | 21 months and 12 days |
| Docket entry number of the motion seeking attorney's fees | 29 | 91 |
| Pages of documents filed by party seeking fees (exclusive of affidavits and supporting exhibits) | 53 pages. *Citibank*, 2004 WL 1895189, at *5. | About 78 calculated as follows: 7 (Doc 1); 8 (Doc 4); 2 (Doc 23); 3 (Doc 24); 2 (Doc 29); 4 (Doc 54); 12 (Doc 67); 2 (Doc 69); 14 (Doc 70); 24 (this brief). |

management of a lawsuit." *Id.* at *6. Thus, the reduction in *Citibank* was based primarily on the particular facts of that case, and is not persuasive here.

Here, Counsel spent approximately 66 hours on intra- or inter-office communications. And, as discussed *infra*, Counsel will voluntarily discount an additional 2.8 hours of time that Defendants objected to on this basis. Thus, the amount of time spent here on intra- or inter-office communications is comparable to the 55.7 hours that the court ultimately awarded in *Citibank* for these communications. The instant case is more complex and has had more activity than in *Citibank*, and that decision is not a basis for reducing Counsel's fee request.

*Overly v. Glob. Credit & Collection Corp.*, 2011 WL 2651807, at *6 (M.D. Pa. July 6, 2011), cited by Defendants, is also inapposite. Defendants attempt to use *Overly* to object to the time that Attorneys Sabatini and Greene spent conferring about this matter. However, the issue at dispute in *Overly* was not whether time spent in *inter*-office communications was improper. Instead, the issue was whether "*intramural* communication among plaintiff's counsel by various attorneys and paralegals . . . ." should be approved as reasonable time spent. *Overly*, 2011 WL 2651807, at *6 (emphasis added). Thus, the *Overly* court did not hold that communications between co-counsel in separate firms was impermissible. Instead, it found that excessive *intra*-office communications were improper. This distinction is especially meaningful here, where the number of intra-office communications was very limited. Thus, *Overly* is not at all instructive.

Defendants have raised the following objections to time that was spent on intra- or inter-office conferences:

| Professional | Requested Rate | Hours Objected To | Total Value of Objection |
|---|---|---|---|
| Francis Greene | $500/hour | 6.1 | $3,050.00 |
| Carlo Sabatini | $410/hour | 34.5[13] | $14,145.00 |
| Tom Soule | $395/hour | 1.8 | $711.00 |
| Brett Freeman | $275/hour | 1.0 | $275.00 |
| Paralegals | $125/hour | 0.3 | $37.50 |
| **TOTAL** | | **43.7** | **$18,218.50** |

After reviewing Defendants' objections, Counsel are willing to deduct 0.2 hours spent by Attorney Soule, 0.8 hours spent by Attorney Greene, 0.9 hours spent by Attorney Sabatini, and 0.3 hours spent by paralegals. After applying these reductions, the following items remain in controversy:

---

[13] Defendants actually objected to 36.3 hours for time spent by Attorney Sabatini. However, 1.8 hours of this time had already been discounted. Thus, Plaintiff is not including that time in this table.

| Professional | Requested Rate | Hours Objected To | Total Value of Objection |
|---|---|---|---|
| Francis Greene | $500/hour | 5.3 | $2,650.00 |
| Carlo Sabatini | $410/hour | 33.6 | $13,776.00 |
| Tom Soule | $395/hour | 1.6 | $632.00 |
| Brett Freeman | $275/hour | 1.0 | $275.00 |
| **TOTAL** | | **41.5** | **$17,333.00** |

As all of this time is fully compensable, Defendants' remaining objections on the basis of intra- and inter-office communications should be overruled.

### c. Objections Based On Allegedly Duplicative Work

Defendants also lodge a number of objections to Counsel's time entries on the grounds that the requested time is duplicative of work performed by another attorney or paralegal. The law does not require that all arguably duplicative time be reduced. Rather, "[a] reduction for duplication 'is warranted only if the attorneys are *unreasonably* doing the *same* work.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1187–88 (3d Cir. 1990) (quoting *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir.1988)) (emphasis in original). Thus, Defendants must do more than show that there was some duplication in work; they must show that specific duplicative work was unreasonable.

Defendants' have lodged objections in this category as follows:

| Professional | Requested Rate | Hours Objected To | Total Value of Objection |
|---|---|---|---|
| Francis Greene | $500/hour | 0.9 | $450.00 |
| Carlo Sabatini | $410/hour | 14.9[14] | $6,109.00 |
| Tom Soule | $395/hour | 1.8 | $711.00 |
| Brett Freeman | $275/hour | 0.6 | $165.00 |
| Paralegals | $125/hour | 0.2 | $25.00 |
| **TOTAL** | | **19.2** | **$7,747.00** |

After reviewing Defendants' objections, Counsel will discount 7.1 hours for Attorney Sabatini, 0.6 hours for Attorney Freeman, and 0.2 hours of paralegal time. Thus, the remaining time in controversy is as follows:

| Professional | Requested Rate | Hours Objected To | Total Value of Objection |
|---|---|---|---|
| Francis Greene | $500/hour | 0.9 | $450.00 |
| Carlo Sabatini | $410/hour | 7.8 | $3,198.00 |
| Tom Soule | $395/hour | 1.8 | $711.00 |
| **TOTAL** | | **8.7** | **$3,908.00** |

Plaintiff should be awarded this time.

Defendants have provided no explanation as to why they believe it is improper for Attorney Soule to bill for time reviewing a letter sent by co-counsel, or

---

[14] Defendant actually objected to 15.0 hours for Attorney Sabatini. However, 0.1 hours had already been discounted by Plaintiff. Thus, Plaintiff is not discounting that time again here.

for reviewing the complaint and answer in connection with drafting discovery requests. It is not unreasonable for an attorney to spend time reviewing correspondence; nor is it unreasonable for an attorney to review draft discovery requests. Of course, when drafting discovery requests, an attorney should review the complaint and the answer to ensure that the proper requests are being issued. The time here was reasonably spent.

Defendants have also not explained why it would be unreasonably duplicative for Attorney Greene to review Defendants' discovery responses on October 15, 2015, and to then review the responses again on November 3, 2015. A review of the surrounding time entries shows that on October 16, 2015, Attorney Greene participated in a Rule 37 conference with Attorney Metcho and Attorney Sabatini. Thus, it is logical for Attorney Greene to review the discovery responses shortly before this conference. In fact, it would be hard to conceive how an attorney could satisfy his obligations to conduct a "good faith" conference regarding discovery objections if the attorney had not reviewed the objections in preparation. Attorney Greene's subsequent review of the discovery responses was on November 3, 2015, which was just two days before he spent 1.2 hours drafting topics for a Rule 30(b)(6) deposition. Again, it is reasonable for Attorney Greene to spend time reviewing discovery responses prior to drafting a 30(b)(6) notice, so that he could determine what topics required further exploration at the deposition.

The largest category of allegedly duplicative work is the time Attorney Sabatini spent receiving and reviewing emails that Attorney Greene sent to

Attorney Metcho, or vice versa, and where Attorney Sabatini received a copy of the email. Plaintiff believes that she is entitled to recover for all of this time. Defendants do not explain *why* it would be unreasonably duplicative for an attorney to spend and bill for time reviewing all of the case-related emails he receives. To do otherwise would expose that attorney to the risk that he might miss a request directed to him.

Nevertheless, in the interest of compromise, Plaintiff has now discounted *every* time entry identified by Defendants where Attorney Sabatini reviewed an email sent by *Attorney Greene* to Attorney Metcho, for a total of 7.1 hours. However, Plaintiff has not discounted time entries where Attorney Sabatini reviewed an email he was copied on that *Attorney Metcho* sent to Attorney Greene. It defies logic to expect a competent attorney to ignore emails that his opponent sends. And, prior to receiving and reviewing the emails, there would have been no way for Attorney Sabatini to know if he was the primary recipient of the email, or if he was merely copied on the email. Thus, there is no difference in the amount of time Attorney Sabatini spent reading an email directed to him as opposed to one where he was just a copied recipient. As a result, the time spent receiving and reviewing emails sent by Attorney Metcho should be compensable.

Defendants have also objected to the combined 4.6 hours that Attorney Sabatini spent attending the telephonic depositions of Defendants. While it is true that Attorney Greene was the attorney who questioned the deponents, Attorney Sabatini's firm was responsible for preparing the motion for summary judgment

which was based, in part, on the deposition testimony. Furthermore, in a complex case such as this, it is extremely helpful for a party taking a deposition to have more than one "pair of ears" present, to aid the questioner in recognizing any evasive answers or "holes" in the testimony that were unanticipated. Attorney Sabatini's role at these depositions was not passive; rather he was an active and productive participant. Defendants have made no argument as to why his participation was *unnecessarily* duplicative.

Defendants also provide no adequate explanation as to why Attorney Sabatini's April 26, 2016 time entry—"[w]ork[ing] on brief with B[rett ]F[reeman]"—is unreasonably duplicative. It is certainly reasonable for attorneys to collaborate when writing a brief, and there is nothing unreasonably duplicative about a senior attorney collaborating with a more junior attorney regarding the direction and scope of a brief. As a result, Plaintiff should be awarded the requested time.

d. Supplemental Request

Plaintiff has incurred $16,578.00 in fees since December 2, 2016. The breakdown of this supplemental request is as follows:

| Professional | Requested Rate | Number of Hours Spent | Amount Requested |
|---|---|---|---|
| Francis Greene | $500/hour | 6.8 | $3,400.00 |
| Carlo Sabatini | $410/hour | 14.3 | $5,863.00 |
| Brett Freeman | $275/hour | 26.6 | $7,315.00 |
| **TOTAL** | | 47.7 | $16,578.00 |

Affidavits supporting this supplemental request are attached hereto. As discussed *supra*, the Third Circuit has held that "[a] party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application." *Planned Parenthood of Cent. New Jersey v. Attorney Gen. of State of New Jersey*, 297 F.3d 253, 268 (3d Cir. 2002). Thus, Plaintiff is entitled to recover for all of the time spent on this response.[15]

### CONCLUSION

As discussed above, Defendants have not provided any *evidence* to support a reduction in the requested rates. Furthermore, the majority of Defendants' specific objections fail. The time spent in this matter was reasonable and necessary to pursue this action. And, Plaintiff has voluntarily discounted the amount of time that she is requesting to account for possibly meritorious objections that Defendants raised. Thus, Plaintiff's net request is as follows:

| **Professional** | **Rate** | **Time Spent** | **Time Withdrawn** | **Amount Requested** |
|---|---|---|---|---|
| Francis Greene | $500/hour | 129.3 | 1.0 | $64,150.00 |
| Carlo Sabatini | $410/hour | 168.4 | 10.2 | $66,707.00 |

---

[15] Defendants have not yet had an opportunity to object to the fees sought in this supplemental request. However, any challenge should fail. The supplemental request amounts to 47.7 hours. And, this brief is 24 pages. Thus, even if all of the supplemental request is attributed to the brief, Plaintiff spent slightly less than two hours per page. The Third Circuit has previously held that *about three* hours per page spent on briefing is reasonable. *See Maldonado v. Houstoun*, 256 F.3d 181, 186 (3d Cir. 2001).Thus, Plaintiff's supplemental request is reasonable based on the expeditious manner in which this brief was prepared.

| | | | | |
|---|---|---|---|---|
| Tom Soule | $395/hour | 11.7 | 0.9 | $4,266.00 |
| Brett Freeman | $275/hour | 55.7 | 0.6 | $15,152.50 |
| Paralegals | $125/hour | 19.1 | 12.1 | $875.00 |
| **TOTAL** | | 386.9 | 23.0 | $151,150.50 |

Plaintiff respectfully requests that the Court award Counsel $151,150.50 in fees and $6,009.95 in costs, with leave to seek additional amounts at the final approval hearing for time spent after the filing of this brief.

s/ Carlo Sabatini
Carlo Sabatini
Bar Number PA83831
Attorney for Plaintiff
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clakr St., Suite 1500
Chicago, Illinois 60603
Phone (312) 739-4200
Facsimile (312) 419-0379

## **CERTIFICATE OF SERVICE**

Service is being effectuated via the CM/ECF system.

s/ Carlo Sabatini
Carlo Sabatini