**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAWN ELAINE, for herself and a class, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 2:15-cv-01271-RAL |
| | : |
| CREDIT CONTROL LLC, | : |
| LVNV FUNDING LLC, | : |
| RESURGENT CAPITAL SERVICES LP, | : |
| and ALEGIS GROUP LLC, | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S PETITION IN SUPPORT OF AN
AWARD OF CLASS COUNSEL'S FEES AND COSTS**

Plaintiff, Dawn Elaine ("Plaintiff"), brought this class action against defendants Credit Control, LLC, LVNV Funding, LLC, Resurgent Capital Services LP, and Alegis Group LLC (collectively, "Defendants"), on March 11, 2015, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Specifically, Plaintiff alleged that Defendants violated Sections 1692f and f(8) of the FDCPA when Credit Control, LLC sent a collection letter to Plaintiff in an envelope which disclosed Plaintiff's account number through the envelope's window. Plaintiff sought to recover statutory damages, as provided for by 15 U.S.C. § 1692k, for herself and for a class of similarly situated individuals.

On July 11, 2018, the Court entered an order granting preliminary approval of the parties' settlement. (*Dkt. No. 117.*) The settlement provides for an award of attorney's fees and costs in the amount of $181,082.45. The Court has previously awarded $140,582.45[1] to plaintiff's

---

[1] The settlement agreement erroneously states that the award was $140,762.50, which was an overstatement of $180.05. (*Dkt. No. 110-1, ¶ 9.*) That error carried over to the notice that was sent to the class members. (*Dkt. No. 110-4, ¶ 12.*) However, as the error *overstates* the amount of the fee award, the mistake was not material.

1

counsel, representing $134,572.50 for fees and $6,009.95 for costs. (*Dkt. No. 104, ¶ 1.*)[2] However, that order left open the issue of the amount of fees to be awarded for "the $16,578.00 in fees claimed by Plaintiff for the preparation of their brief in opposition to Defendants' objection to the award of attorneys' fees." (*Id. ¶ 2*.) The Court ordered the parties to "meet and confer promptly" on that issue. (*Id.*) The parties were then able to resolve this issue, and ultimately agreed that Plaintiff would request $40,500 for attorney's fees for the preparation of that brief and for all subsequent time, and that Defendant would not oppose such a request. (Settlement Agreement, *Doc. 110-1, ¶ 9.*) Plaintiff's counsel now requests $40,500.00 for attorney's fees and costs incurred after December 8, 2016.

## ARGUMENT

**I.      PLAINTIFF'S ATTORNEY'S FEES AND COSTS ARE REASONABLE**

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") allows Plaintiff's counsel to recover for their work in this action. Section 1692k provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable, *inter alia*, for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

An additional award of $40,500.00 to Plaintiff for her attorney's fees and costs is reasonable. Plaintiff's attorneys are highly experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the

---

[2] If any class member files a timely objection to that award Plaintiff will respond before the final approval hearing.

2

settlement of this matter. Plaintiff's counsel have used their knowledge, skills, and resources to properly prosecute this case and to adequately represent the class. *See* Declaration of Daniel A. Edelman, attached hereto as Exhibit 1; Declaration of Carlo Sabatini, attached hereto as Exhibit 2. Plaintiff's counsel's estimated lodestar for time after December 8, 2016 is $53,591.46. *See* Appendix A to Declaration of Daniel A. Edelman and Appendix B to Declaration of Carlo Sabatini. The request of only $40,500 reflects more than a 24% discount from the $53,591.46 lodestar.

Additionally, Plaintiff's counsel expects to continue to be active in the case through its conclusion and anticipates spending additional time to assist in the settlement notice process (*e.g.*, oversee and coordinate notice and administrative activities with Angeion Group, respond to class member inquiries, prepare and file the final approval memorandum, and respond to any objections). The amount of additional fees requested by Plaintiff's counsel is reasonable, and Plaintiff's request for these fees is supported by Third Circuit caselaw.

### A. *The Requested Fees Are Reasonable Using The Lodestar Method*

Pursuant to the Agreement, Defendants have agreed to pay attorney's fees and costs for time incurred after December 8, 2016, in an amount not to exceed $40,500.00. Class Counsel requests approval from the Court of attorney's fees and costs in that amount.[3] The amount of time spent by Plaintiff's counsel supports this request.

Third Circuit caselaw establishes two methods for evaluating the award of attorney's fees: lodestar and percentage-of-the-recovery. *In re GM Trucks Litig*., 55 F.3d 768, 820-21 (3d Cir. 1995)(citing *Report of the Third Circuit Task Force on court Awarded Attorney Fees*, 108

---

[3] The amount sought is in addition to the $140,582.50 in attorney's fees and costs previously awarded.

F.R.D. 237, 250-53 (1985). Here, the lodestar is the appropriate method to determine attorney fees because the FDCPA is a fee-shifting statute:

> The lodestar method is more typically applied in statutory fee-shifting cases because it allows courts to "reward counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that a percentage-of-recovery method would provide inadequate compensation" or in cases where the nature of the recovery does not allow the determination of the settlement's value required for application of the percentage-of-recovery method.

*In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005), *as amended* (Feb. 25, 2005). An FDCPA case is precisely the type of case where the lodestar method is more appropriate, because statutory damages are capped at the lesser of $500,000 or 1% of the net-worth of the defendant. 15 U.S.C. § 1692k. Utilizing a percentage-of-the-recovery method would discourage counsel from representing consumers in cases against debt collectors that have a small net worth. In such a case, the available statutory damage recovery would be too small to attract competent counsel to pursue the claim since counsel's fee would be limited to a percentage of the recovery. However, where the lodestar method is used, the fact that the fee is not tied to the class' recovery allows for a fee that will actually compensate counsel for the time incurred.[4] Thus, utilizing the lodestar method in an FDCPA action ensures that counsel recovers a reasonable fee without diluting the statutory damage award available to the class members.

    Using the lodestar method, counsel's fees are determined by multiplying the number of hours reasonably spent litigating the matter by counsel's hourly rate. This calculation yields the presumptively reasonable fee. *Hahnemann Univ. Hosp. v. All Short, Inc.,* 514 F.3d 300, 310 (3d

---

[4] "The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011)(emphasis in original).

Cir. 2008); *Washington v. Philadelphia Court of Common Pleas*, 89 F.3d 1035 (3d Cir. 1996). In computing the lodestar, the hourly billing rate applied is the hourly rate that is normally charged in the community where the legal services are performed. *See, e.g., Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 704 (3d Cir. 2005), *as amended* (Nov. 10, 2005)(holding that "in most cases, the relevant rate is the prevailing rate in the forum of the litigation."). In entering its initial fee award, this Court considered the Community Legal Services fee schedule for attorney rates in Philadelphia. (*Dkt. No. 103*.) The use of this fee schedule has also been approved by the Third Circuit in *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001).[5]

Here, a review of Plaintiff's counsel's lodestar shows that the additional fees requested are reasonable. The hourly rates of Plaintiff's counsel and a detailed listing of the lodestar are set forth in Appendix A to Exhibit 1 and Appendix B to Exhibit 2. For time spent prior to January 1, 2018, the rates sought by Plaintiff's counsel are the same as the rates that this Court has already approved as being reasonable. (*Dkt. No. 103*.)[6] For time spent after January 1, 2018, Plaintiff's counsel have used a rate that comports with the most current version of the CLS Fee Schedule,

---

[5] The rates listed in the CLS Schedule have been updated a number of times since the *Maldonado* decision. However, Plaintiff's counsel is unaware of the Third Circuit ever indicating that the CLS Schedule was no longer proper because of the increased rates. As a result, "courts in this district have relied upon the CLS [Schedule] as an adequate determination of market rates in the Eastern District of Pennsylvania." *Navarro v. Monarch Recovery Mgmt. Inc.*, No. 13-3594, 2014 WL 2805244, at *4 (E.D. Pa. June 20, 2014) (collecting cases)); *see also Shelton v. Restaurant.com Inc.*, 2016 WL 7394025, at *4 (D.N.J. Dec. 21, 2016)("As the Third Circuit has approved of courts' use of the [CLS Schedule] in determining a reasonable hourly rate for attorneys' fees, the Court will employ the fee schedule in its determination of the hourly rates in this case."); *Williams v. Care*, No. CV 14-6347, 2016 WL 4478810, at *7 (E.D. Pa. Aug. 25, 2016)(utilizing the CLS Schedule to determine whether market rates were reasonable); *Hawthorne v. Municipality of Norristown*, No. CV 15-01572, 2016 WL 1720501, at *5 (E.D. Pa. Apr. 29, 2016)(same).

[6] Additionally, Plaintiff has previously submitted affidavits to support her initial request for fees. *(Dkt. Nos. 93 and 93-1.)* Plaintiff incorporates those same documents here.

which was updated approximately two months after the previous fee petition was filed.[7] Utilizing these hourly rates, the actual lodestar and expenses incurred by Edelman Combs Latturner & Goodwin, LLC and Sabatini Freeman, LLC after December 8, 2016 is well in excess of $40,500.00.[8] And this amount, which already exceeds the agreed upon maximum recovery of attorney's fees, does not include time that could reasonably be expected to be spent on additional tasks such as responding to continuing calls from class members inquiring about the settlement checks, or even a possible appeal.

**II. CONCLUSION**

Because Plaintiff's counsel's lodestar exceeds the instant request, the request is fair and reasonable. Thus, the Court should award $40,500.00 to Plaintiff's counsel, Edelman, Combs, Latturner & Goodwin, LLC and Sabatini Freeman, LLC, for time spent and costs incurred after December 8, 2016, for a total award of $181,082.45.

Respectfully submitted,

s/ Carlo Sabatini
Carlo Sabatini
SABATINI FREEMAN, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500

---

[7] A copy of the current CLS Fee Schedule was previously filed at Docket No. 100, and is also attached as Appendix A to Exhibit 2.

[8] In fact, even if the 2016 rates previously approved for Plaintiff's counsel were applied to all of the time spent since December 8, 2016, the lodestar would still exceed $40,500.00 by a substantial amount.

Chicago, IL 60603
(312) 739-4200

## CERTIFICATE OF SERVICE

Defendants are being served via the CM/ECF system.

s/ Carlo Sabatini
Carlo Sabatini

## CERTIFICATE OF UNCONTESTED MOTION

The undersigned certifies that Defendants do not contest the relief requested in the foregoing motion.

s/ Carlo Sabatini
Carlo Sabatini